GRACE R. MAXSON HALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11090. Promulgated March 24, 1949.

*Edward Hale Julien, Esq.*, for the petitioner.
*Leonard A. Marcussen, Esq.*, for the respondent.

OPINION.

TYSON, *Judge*: In asserting the deficiency involved, respondent determined that petitioner received as taxable annuities the entire amounts of the periodic payments made under the seven life insurance policies as to which petitioner-beneficiary, after the insured's death, exercised an option to receive the insurance benefits in such periodic payments. By stipulation and on authority of *Katharine C. Pierce*, 2 T. C. 832; affd., 146 Fed. (2d) 388; and *Law* v. *Rothensies*, 155 Fed. (2d) 13, respondent concedes that the beneficiary's mere exercise of such option does not bring such periodic payments within the category of taxable annuities and, as a consequence, concedes error in his determination with respect to those portions of the periodic payments which are attributable solely to the net proceeds payable to the beneficiary under the policies at date of death after diminution by the decedent's debts outstanding and secured by those policies at date of death. Accordingly, the controversy here involves only those portions of the periodic payments which are attributable to petitioner's having paid off the decedent's debts secured by the policies. The applicable statute is section 22 (b) of the Internal Revenue Code,[1] the pertinent provisions of which have been in effect since prior to date

___

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income) ;

(2) ANNUITIES, ETC.—

(A) In General.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income ; except that there shall

of decedent's death in 1936, and the broad issue presented is whether such payments are entirely exempt within the meaning of paragraph (1) of section 22 (b), *supra*, and, if not, whether the first, second, or third sentence of paragraph (2) (A) of section 22 (b) is controlling.

Petitioner contends that her payment of decedent's debts secured by the policies did not constitute premiums or a consideration paid by her for the purchase of annuity contracts; that the only contracts involved herein are life insurance policies on which the premiums were paid during the lifetime of the deceased insured; that the entire amounts of the periodic payments received by her from the insurance company (including the portions attributable to her paying off the decedent's debts) accrued to her as emanating directly from the decedent's life insurance contracts pursuant to the original provisions contained therein and by reason of the insured's death; and that the entire amounts of such periodic payments constitute "Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise" and, therefore, are specifically exempted from tax by section 22 (b) (1), *supra*.

Respondent contends that, by reason of an election either by the insured prior to his death or by the petitioner after the insured's death and under the specific terms of each of the seven policies, the amounts of the periodic payments received by petitioner are payable to her in the form of annuities; that such periodic payments do not emanate directly or at least entirely from the seven life insurance policies, but also from the insurance company's claim contracts made in settlement with petitioner under those policies after the insured's death; that only the stipulated portions of the periodic payments fall within the tax exemption under the *Pierce* and *Law* cases, *supra;* that the portions of the periodic payments which are attributable to petitioner's paying off the decedent's debts do not constitute amounts received "by reason of the death of the insured," but, instead, constitute annuities which the insurance company under its claim or settlement contracts agreed to pay to petitioner in consideration of her payment of decedent's debts; that the substance of petitioner's transactions in paying off decedent's debts to secure periodic payments larger than otherwise obtainable under the net proceeds of the policies at date of death was the purchase of annuity contracts; and that to the extent attributable thereto the periodic payments received by peti-

be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph.

tioner constitute "Amounts received as an annuity under an annuity * * * contract" within the meaning of the second sentence of section 22 (b) (2) (A), *supra*.

There is no question between the parties, and on the facts there can be no doubt, that the entire amounts of the periodic payments received by petitioner from the insurance company pursuant to each of the seven policies and the settlement contracts thereunder constituted payments in the form of annuities, namely, a specified sum of money payable annually or at other periodic intervals for a time longer than one year in return for a fixed consideration and computed with regard to the life expectancy of the payee. *Manne* v. *Commissioner*, 155 Fed. (2d) 304, which involved annuity contracts; and *George H. Thornley*, 2 T. C. 320 (reversed on another issue, 147 Fed. (2d) 416) which involved endowment contracts. It is now well settled by the *Pierce* and *Law* cases, *supra*, and the various authorities therein cited, which involved life insurance contracts, that even though paid in the form of an annuity, periodic payments which constitute "Amounts received under a life insurance contract paid by reason of the death of the insured" fall within the exemption granted in section 22 (b) (1), *supra*. Accordingly, the mere form of the payments is not alone a criterion for determining whether Congress intended to embrace within that exemption or to exclude therefrom the portions of the periodic payments attributable to the petitioner's paying off the decedent's debts secured by the policies. In our opinion, the form of the payment is not a matter deserving of the emphasis which respondent seems to place upon it.

Section 22 (b), *supra*, expressly deals with "Exclusions from Gross Income," and paragraphs (1) and (2) (A) thereof deal with such exclusions in whole or in part with regard to insurance proceeds received under life insurance, endowment, or annuity contracts. Paragraph (1) of that section deals with "Amounts received under a life insurance contract paid by reason of the death of the insured," whether in a single sum or otherwise, such as in the form of an annuity, and grants an exemption as to the entire amounts so received, *Pierce* and *Law* cases, *supra*, except for the limitation that the exemption shall not be in excess of cost in cases where the interest in the life insurance contract was acquired by "transfer for a valuable consideration," as provided by the third sentence of paragraph (2) (A) of that section, *Charles E. Lambeth*, 38 B. T. A. 351. Cf. *Alcy Sivyer Hacker*, 36 B. T. A. 659, and *Haverty Realty & Investment Co.*, 3 T. C. 161. The first sentence of paragraph (2) (A) of that section deals with "Amounts received * * * under a *life insurance* or *endowment* contract" other than *by reason of the death* of the insured as embraced in the preceding paragraph (1) and other than

an *annuity* as embraced in the next succeeding second sentence of paragraph (2) (A) and grants an exemption of the amounts so received until they "exceed the aggregate premiums or consideration paid," when the excess shall be included in gross income. (Italics supplied.) The second sentence of paragraph (2) (A) of that section deals with "Amounts received as an annuity under an *annuity* or *endowment* contract" and provides a formula for computing the percentage of such amounts which shall be excluded from gross income. (Italics supplied.) The third sentence of paragraph (2) (A) of that section deals with cases where an interest in a *"life insurance, endowment, or annuity contract"* has been acquired by "transfer for a valuable consideration, by assignment or *otherwise*" and provides that "only the actual value of such consideration" and premiums or other sums subsequently paid by the transferee shall be exempt under paragraphs (1) and (2) (A). (Italics supplied.)

It is clear that section 22 (b), *supra*, makes a distinction in the exemption or exclusion granted in the case of life insurance contracts, on the one hand, and endowment and annuity contracts, on the other hand. The limitation expressed in the third-sentence of paragraph (2) (A) with reference to a transfer for a valuable consideration is made applicable to all three of the named classes of contracts. Except for such limitation, amounts received under life insurance contracts are treated of only in paragraph (1) and the first sentence of paragraph (2) (A) of that section, and under the former are not taxed at all and under the latter are taxed only when the receipts begin to exceed the aggregate premiums or consideration paid, but in no event are amounts received under life insurance contracts made taxable under the 3 per cent formula prescribed, since that formula applies solely to "Amounts received as an annuity under an *annuity* or *endowment* contract." (Italics supplied.)

On the facts herein, it is clear that no *annuity contract* is involved unless, as contended by respondent, the petitioner's transactions in paying off decedent's debts (to obtain receipt of periodic payments, under the settlement contracts, larger than would be otherwise obtainable under the life insurance contracts at date of death) in substance constituted *the purchase of an annuity under an annuity contract.* In our opinion the petitioner did not purchase an annuity under such a contract from the insurance company, for here no consideration in the sense of a premium or purchase price was paid by petitioner under such a contract. The amounts received by petitioner, and heretofore referred to (for want of a better descriptive expression) as attributable to her paying off decedent's debts, accrued to her under the provisions of the existing life insurance policies and not under any separate contract for a premium or other consideration paid to

the insurance company for the purchase of an annuity; for with respect to one policy the insurance company received nothing from petitioner, who merely repaid a sum owed to the bank, which stood in the position of the decedent's creditor, secured by that policy, and with respect to the other six policies the insurance company likewise stood in the position of the decedent's creditor and also received nothing from the petitioner except the repayment of the loans secured by the policies. Furthermore, the settlement contracts between petitioner and the insurance company established no new contractual relationship, but were merely collateral to the life insurance policies in setting forth the company's obligation to the beneficiary under the terms of those policies, which had matured and become payable by reason of the death of the insured.

We conclude that the entire amounts received by petitioner under all seven policies constituted "Amounts received under a life insurance contract paid by reason of the death of the insured" within the meaning of section 22 (b) (1), *supra*. However, we further conclude that, as to those portions of such amounts which are attributable to petitioner's payment of decedent's debts, we have presented "the case of a transfer for a valuable consideration" of interests in insurance policies within the meaning of the third sentence of section 22 (b) (2) (A), *supra*, which imposes a limitation on the exemption granted by section 22 (b) (1) ; *Charles E. Lambeth, supra. At date of the insured's death,* the petitioner had an interest in each of the seven policies as the beneficiary of the net proceeds thereof after diminution by the decedent's debts secured thereby, and at the same time with respect to one policy the bank had an assignee's interest therein to the extent of the decedent's debt due it, and with respect to each of the six other policies the insurance company likewise had an assignee's interest to the extent of the amount of the debts due it. After the insured's death such assignees' definite matured interests in the policies were transferred to petitioner in consideration of her payment of decedent's debts due them, respectively. At the time the petitioner entered into the settlement contracts with the insurance company for periodic payments, as elected by her pursuant to options provided for in the policies, her interest in each of the policies was that of a designated beneficiary as to a portion of the insurance proceeds, and as to the balance of such proceeds she was a transferee of a beneficial interest for a consideration paid by her.

With respect to those portions of the amounts received by petitioner under each of the seven policies which are attributable to petitioner's payment of decedent's debts, we hold that petitioner is entitled to receive such amounts tax-free until they begin to exceed the actual value of the consideration so paid by her, whereupon the excess becomes

taxable income; and, further, that respondent erred in taxing such amounts as taxable annuities.

Under the facts herein it would seem that up to and including the taxable years petitioner had not recovered the cost to her of her transferee's interest in each of the seven policies and that no tax is due on account of the periodic payments received in the taxable years, but whether this is true or not is a matter of mathematical computation which can be resolved in the recomputation under Rule 50.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HILL, *J.*, concurs only in the result.

---

MURDOCK, *J.*, dissenting: I agree with the contention of the respondent as set forth in the third paragraph of the majority opinion.