BURTHA M. FISHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15634. Promulgated June 9, 1949.

*R. M. O'Hara, Esq.*, and *Benjamin E. Jaffe, Esq.*, for the petitioner.
*Wesley A. Dierberger, Esq.*, for the respondent.

OPINION.

OPPER, *Judge* : Section 22 (b) (1) and (2) of the Internal Revenue Code,[1] which is involved here, deals in terms with three types of contract—life insurance, annuity, and endowment. Subsection (b) (1), covering amounts received under a life insurance contract paid by reason of the death of the insured, is concededly inapplicable. Cf. *Grace R. Maxson Hall*, 12 T. C. 419. Subsection (b) (2) refers in its first sentence to "Amounts received * * * under a life insurance * * * contract," but excepts "amounts received as annuities" thereunder. Its second sentence prescribes the treatment of "amounts received as an annuity," but this is in terms limited to payments "under an annuity or endowment contract."

Were we to accept petitioner's contention that the policies taken out by her on her husband's life were life insurance contracts, and that the amounts in controversy were paid thereunder, we nevertheless could not doubt that the payments she received from the insurance companies after exercising her settlement option to have the surrender

---

[1] (b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income) ;

(2) ANNUITIES, ETC.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income ; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *

value paid to her in annual payments for her life were annuities. *Anna L. Raymond*, 40 B. T. A. 244; affd. (C. C. A., 7th Cir.), 114 Fed. (2d) 140; certiorari denied, 311 U. S. 710; *George H. Thornley*, 2 T. C. 220; reversed, other issue (C. C. A., 3d Cir.), 147 Fed. (2d) 416; see *Burnet* v. *Whitehouse*, 283 U. S. 148. On this hypothesis, what we have here would thus be an amount received as an annuity under a life insurance contract, and not paid by reason of the death of the insured, as in *Grace R. Maxson Hall, supra*—a situation expressly excluded from the first sentence and not specifically included in the second.

Subsection (b) of section 22 is an exclusion section. It eliminates from the "broad sweep" of section 22 (a) the amounts therein described. Without it, the assumption must be that such payments would be taxable to their full constitutional extent. *J. Giltner Igleheart, Sr.*, 10 T. C. 766; affd. (C. A., 7th Cir.), 174 Fed. (2d) 605; cf. *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84. It follows that were we to adopt petitioner's reasoning that these payments are made under a life insurance contract, they are not excluded by subsection (b) and hence not only the 3 per cent included by respondent, but some larger part [2] might be taxable income under section 22 (a).

Respondent, however, has taxed only the 3 per cent specified in the annuity provision, computed on the aggregate surrender values, and makes no claim for any increase in the deficiency.

While it is hence unnecessary to decide whether these were life insurance or annuity contracts, it is difficult not to be persuaded that they were the latter and not the former. Petitioner surrendered the agreements she originally held, which were undoubtedly policies of of insurance on her husband's life. She received in lieu of them agreements to pay the sums which, as we have seen, can only be characterized as annuities. It is true that the terms of the new contracts were dictated at least in most instances by the provisions of the original life insurance policies. But the amounts in question were paid under the new agreements and would not have been paid under the life insurance contracts while the latter were in force and petitioner's husband was alive.

---

[2] It would not apparently be unthinkable for annuity payments to be included in full. But cf. *Manne* v. *Commissioner* (C. C. A., 8th Cir.), 155 Fed. (2d) 304 ; *Florence Mae Shelley*, 10 T. C. 44. That is a solution adopted in Great Britain, which was rejected here by the Treasury out of considerations of fairness, as appears in the following excerpt from the discussion of the bill in the Senate :

"In Great Britain the whole amount of such annuities is taxed as income. It did not seem fair to the Treasury—and this suggestion comes from the Treasury—to tax that part of the annuity which represents the return of principal, but it did seem fair, and it seemed to the committee that it would stop a most important loophole, to tax that part of the annuity which represents interest on the capital.  *  *  *"  (Vol. 78, Cong. Rec., p. 5913.)

Since, however, as we have said, respondent seeks to include only the 3 per cent of the consideration permitted by the second sentence in the case of payments under an annuity contract, and makes no claim for any increased deficiency, the same result would be reached whether we consider these annuities to have been paid under a life insurance contract or under an annuity contract.

Reviewed by the Court.

*Decision will be entered for the respondent.*